UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD WELTZ,

    Plaintiff,

v.                                              Case No. 8:17-cv-2860-T-AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 201). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 116, 131). Plaintiff then requested an administrative hearing (Tr. 143-46). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 32-73). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 13-27). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

B.     **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1966, claimed disability beginning December 16, 2015 (Tr. 106). Plaintiff obtained a college education (Tr. 37, 65). Plaintiff's past relevant work experience included work as an infantry weapons crew leader (Tr. 26). Plaintiff alleged disability due to fibromyalgia, chronic fatigue, migraines, PTSD, traumatic brain injury, irritable bowel syndrome, neck and lower back herniated disks, anal fistula, bladder dysfunction, and shoulder tendonitis (Tr. 105-106).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2019 and had not engaged in substantial gainful activity since December 16, 2015, the alleged onset date (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: osteoarthritis, fibromyalgia, degenerative disc disease, migraine headaches, and anxiety (*id.*). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following additional limitations: able to lift and carry no more than 20 pounds frequently and 10 pounds frequently; able to sit for no more than six hours of an eight-hour workday; able to stand/walk for no more than six hours of an eight-hour workday; able to reach overhead using the left upper extremity limited to frequently; limited to no more than frequent reaching of all other types using the right upper extremity; able to balance, stop, kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, or stairs no more than occasionally; no exposure to unprotected heights, no more than occasional exposure to moving, mechanical parts and equipment; no more than frequent exposures to vibrations, humidity,

wetness, or extreme cold; and no more than superficial interactions with co-workers or the public (Tr. 21). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 21-25).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 26). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a line inspector, mailroom clerk, and merchandise marker (Tr. 27). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (*id.*).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R.

§§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ, in part, decides Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These Regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria

listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.

Plaintiff argues that the ALJ erred by (1) rejecting the Plaintiff's 100% service-connected VA disability rating; (2) determining that the Plaintiff's RFC is supported by substantial evidence; and (3) rejecting Plaintiff's subjective complaints of pain. For the reasons

that follow, the ALJ failed to apply the correct legal standards and the ALJ's decision is not supported by substantial evidence.

## A. VA Disability Rating

Plaintiff contends that the ALJ erred by rejecting the Plaintiff's 100% service-connected VA disability rating. Pursuant to 20 C.F.R. § 404.1504, a decision by any other governmental agency about whether a claimant is disabled is based upon that agency's rules and is not the decision of the Social Security Administration ("SSA"). Rather, the SSA makes a disability determination based upon social security law, and, thus, a determination made by another agency that a claimant is disabled does not bind the SSA. 20 C.F.R. § 404.1504. Though such decisions are not binding on the ALJ, such determinations, including VA disability ratings, should be considered and given great weight. *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) ("A VA rating, while not binding on the SSA, is evidence that should be considered and is entitled to great weight" (citation and internal quotation marks omitted)); *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779 (11th Cir. 2015) (noting that VA disability ratings are not binding on the ALJ but that such ratings should be considered and given great weight). Indeed, in determining whether a claimant is disabled, the ALJ should consider decisions by governmental agencies about whether a claimant is disabled along with the other evidence of record. 20 C.F.R. §§ 404.1512(b)(1)(v).

It is legal error to superficially reject a VA disability rating and not address it on its merits because of its differing, more lenient, and non-binding standards. *See, e.g., Williams v. Berryhill*, No. 8:17-CV-64-T-30AEP, 2018 WL 1321275, at *3 (M.D. Fla. Feb. 26, 2018); *Alvarez v. Comm'r of Soc. Sec.*, No. 2:15-CV-363-FtM-MRM, 2016 WL 4651373, at *4–5 (M.D. Fla. Sept. 7, 2016). An ALJ's appropriate treatment of a VA disability rating "outlines and explains what medical conditions the VA assessed and how they differ from the claimed

SSA disability," thus assessing the VA reports comparatively with the other parts of the claimant's record. *See Boyette v. Comm'r of Soc. Sec.,* 605 F. App'x 777, 779–80 (11th Cir. 2015); *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 913–15 (11th Cir. 2015). Particularly when there is a 100% VA disability rating, "the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." *Beshia v. Comm'r of Soc. Sec.*, 328 F. Supp. 3d 1341, 1346–47 (M.D. Fla. 2018) (citing *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016)). An ALJ's decision to not assign controlling weight to a 100% VA disability rating is appropriate when the ALJ references VA treatment records and primary care provider and examiner opinions, because it provides a detailed explanation. *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779-80 (11th Cir. 2015).

Here, the record reflects that Plaintiff received a 100% service-connected VA disability rating, specifically, 100% for fistula and chronic fatigue syndrome, 50% for migraines, 30% for irritable bowel, and 20% for TMJ (Tr. 35-36). The VA only sweepingly noted the following regarding the VA disability rating in its opinion:

> Finally, I give little weight to a pair of VA Disability Rating Verification forms in the record (Exhibit B6D, B7D). I give little weight to them for three main reasons. The first reason is that they apply a completely different standard than the one involved in making this decision. The second reason is that the person who prepared the forms is not identified as an acceptable medical source. The third reason is that this form focuses on percentages of whole person "disability," where the focus of this Social Security decision is ascertaining whether the claimant can and cannot do in terms of specific functional abilities. For these reasons, I give little weight to Exhibits B6D and B7D. (Tr. 25-26).

The ALJ merely provides cursory reasons, the first and third of which are almost identical, for not assigning great weight to the VA disability rating. Two of the ALJ's reasons note that the VA uses a different standard and focus than the SSA (Tr. 25-26). However, an

ALJ may not reject a VA's disability rating because the criteria differ from the Commissioner's "without any true analysis of the basis for the VA rating." *Gibson v. Comm'r of Soc. Sec.*, 725 F. Supp. 2d 1347, 1351 (M.D. Fla. 2010); *Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990) ("The ALJ's perfunctory rejection of the VA disability rating as based on different criteria from Social Security disability determinations does not indicate that he accorded it great weight as required by the case law."). The ALJ's third and final reason is that "the person who prepared the forms is not identified as an acceptable medical source." (Tr. 26). But, a decision by any other governmental agency about whether a claimant is disabled must be evaluated from *both* medical and non-medical sources who had contact with the claimant in accordance with 20 CFR 404.1527, 416.927, Social Security Rulings 96-2p and 96-5p, and the applicable factors listed in the section "Factors for Weighing Opinion Evidence." SSR 06-03p, 2006 WL 2329939, at 7 (S.S.A. 2006).

Thus, the ALJ did not scrutinize the VA disability rating on its merits, by referencing and comparing it with the other parts of the Plaintiff's record. With the ALJ only providing a passing reference to the disability ratings, the Court is unable to determine whether the ALJ gave appropriate consideration and weight to Plaintiff's VA disability ratings. The ALJ is encouraged to provide sufficient analysis of the VA disability ratings that would enable the Court to determine the reasons for discounting them. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remand is required when the court is unable to determine, based on the ALJ's opinion, whether the statutory requirements and relevant regulations as construed by this Court were followed).

Because the Court has determined that this matter is due to be remanded, the Court need not address Plaintiff's other contentions.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is REVERSED and the matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings consistent with this Order.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 21st day of December, 2018.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge


cc:  Counsel of Record